## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### No. 353
### NICHOLSON v. CLEVELAND RAILWAY CO.
Ohio Court of Appeals, Cuyahoga County
No. 4192. April 16, 1923
This opinion has not been published except in Abstract.

PERSONAL INJURIES — Prejudicial error—(1)
(1) Proper instructions—(2) Failure to bring up all of record for review.

BY THE COURT.

Epitomized Opinion
Error to Cuyahoga Common Pleas
Judgment Affirmed

This was an action for personal injuries. Plaintiff claimed that she suffered injuries to her person and automobile by being struck by one of the railway company's street cars. The defendant filed a general denial, and pleaded contributory negligence, in that the plaintiff was in violation of a city ordinance in using her car without tail light. Verdict was rendered for the defendant. The plaintiff prosecuted error upon a bill of exceptions purporting to show a part of the testimony only. In one of the special instructions it appeared that one of the issues was whether the plaintiff was so under the influence of intoxicants that she did not exercise ordinary care. The case was tried before Judge Phillips of the Common Pleas Court of Cuyahoga county . In sustaining the verdict, the Court of Appeals held:

1. That the instruction on the question as to whether the plaintiff was intoxicated at the time was proper.

2. As all the testimony is not before the reviewing court, the court is bound to assume that there is some testimony tending to show that the plaintiff was in the condition suggested by the instruction.

Attorneys—Howell, Roberts & Duncan, for Nicholson; Squire, Sanders & Dempsey, Contra.

### No. 354
### MOSHONTZ BROTHERS CO. v. ERIE DYEING AND PROCESSING CO.
Ohio Court of Appeals of Cuyahoga County
No. 42181. March 26, 1923
This opinion has not been published except in Abstract.

BAILMENTS—(1) Verdict not manifestly against weight of evidence.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion
Error to Cleveland Municipal Court
Judgment Affirmed

The Moshontz Bros. Co. brought an action to recover damages growing out of a bailment. The plaintiff was engaged in the tailoring business and delivered to the defendant some cloth to be dyed navy blue, upon the understanding that the defendant could dye the cloth such a color. The material was put in a dyeing vat, but some of the cloth came out streaked. The streaked cloth was then re-dyed, but from the various processes the cloth became rotted and unfit for use. The case was heard before Judge Beebe of the Municipal Court of Cleveland, Ohio, and the verdict rendered for the defendant. Plaintiff then prosecuted error. The Court of Appeals in affirming the lower court held:

1. As the judgment of the trial court was supported by ample evidence, this court cannot say as a matter of law that the verdict was manifestly against the weight of the evidence.

Attorneys—Gott, Chamberlain, Bloomfield & Henderson, for Moshontz; Geo. Keeley, for Erie Co.

### No. 355
### NATIONAL GARAGE CO. v. GERACI
Ohio Court of Appeals, Cuyahoga County
No. 4236. March 5, 1923
This opinion has not been published except in Abstract.

EQUITABLE DEFENSES—(1) Jurisdiction of Municipal Court in the matter of equitable defenses—ERROR—(2) Extrinsic evidence cannot be admitted to vary a written lease—(3) General admonitions in charge to jury substantial error.

LEVINE, J.

Vickery, P. J., Sullivan and Levine, JJ.

Epitomized Opinion
Error to the Municipal Court of Cleveland
Judgment Reversed

Geraci leased certain property to the Garage Co by the terms of which lease he was to be allowed to avoid the lease if the rent should be in arrear or if any waste should be committed upon the premises Geraci also claimed that there was an oral agreement that the property was to be used for garage purposes only and the jury found for him on this point. Geraci claimed a breach of the agreement on the ground that the rent was unpaid and that waste was committed by using the property otherwis than agreed. The Garage Co. claims that since the case involved equitable defenses the Municipal Court was without jurisdiction in the case. Error is also assigned on the ground that oral testimony was introduced and admitted to vary the written agreement that the court in his charge indicated the jury that he had no faith in the defense. Held by Court of Appeals in reversing the verdict for Geraci:

1. The statute invests the Municipal Court with jurisdiction in forcible entry and detainer cases The most effective procedure to prevent a miscarriage of justice in such cases in the event of equitable defenses existing which cannot be asserted before that court is by process of injunction before a court of competent jurisdiction restaining plaintiff from fourther procedure. Laronge v. Sebelin, followed and approved. (No. 3428.)

2. By admitting as evidence an oral conversation to vary a written agreement the court committed substantial error.

3. A charge to the jury containing lengthy and general admonitions and exhortations and which might mislead the jury into the belief that the court had no faith in the defense is substantial error.

Attorneys—Schaefer & Lawrence, for Garage Co. Kerruish, Kerruish, Hartshorn & Sponner, for Geraci.

### No. 356
### WEITZ v. WEITZ
Ohio Court of Appeals, Trumbull County
Sept. 23, 1921
15 Ohio App. 134

PARTNERSHIPS—Real Property—Title passes to heirs of deceased, when—Tenancy exists, when—Partition—Assets of firm—Surviving partner taking at appraised value, 8089 GC.—Consent of Probate Court and representatives of deceased required—Evidence—Reasonableness of refusal of consent — Jurisdiction — Probate Court—Appointment of receiver, 8089 GC.

POLLOCK, J. Error to Trumbull Common Pleas judgment affirmed.

Attorneys—J. J. Boyle and The Gilmers & Stephens, for plaintiff; Moore, Barnum & Hammond, for defendant.